In this case the parties are at issue upon the errors assigned. A motion is made by the defendant in error, under the act of 1824, ch. 5, to amend the record, and thereby cure the errors (if any there be) which have been assigned in the writ of error. What appears to me to be the true construction of that act, I have expressed in Matlock v. Gray, ante, 1, at this term. If the court from which the record comes could not grant the amendments now prayed for, after final judgment (101) pronounced by it, this Court cannot permit them to be made.
Another objection is made to the time at which the writ of error was sued out from the county court, it being at a term subsequent to the one at which final judgment was obtained.
Laws 1777, ch. 115, sec. 76, declares that when any person shall be desirous of prosecuting a writ of error, he shall move the county court where such suit is, or hath been pending, for a writ or error. Section 79 *Page 45 
declares that if it shall so happen that there shall not be thirty days between the last day of the term or hearing in the county court and the next term of the Superior Court to which such appeal shall be made, or writ of error allowed, a transcript of the record shall be filed in the Superior Court the term succeeding, etc. I recite this clause because it appears to me that the party can only sue out a writ of error at the term at which judgment against him is finally given in the words of the act, "till the last day of the term or hearing in the county court." In confirmation of this, section 80 declares, "that in every county court, etc., when any appeal shall be prayed, or writ of error allowed, the clerk of such court shall make a record of the proceedings in such cause, and shall, within ten days after the final adjournment of the term in which the cause shall be heard, give an attested copy of such record, etc., to the appellant or plaintiff in error." This clause, I think, incontestably limits the time of suing out writs of error from the county courts to the term at which judgment shall be finally rendered.
Much inconvenience would attend the practice of suing them out at any indefinite period of time. No provision is made for notifying the opposite party of the time of moving for them; and if they might be moved for at any time, the opposite party would have no day in court; it might be done after the debt was discharged.
When application is intended to be made to the Superior Court, under section 47 of the act, in order to guard against surprise, provision is made for notifying the opposite party, which, no doubt, would (102) have been done as to applications to the county courts if it had been intended that they might have been made at any indefinite period. I, therefore, think the county court cannot grant writs of error at any term after the expiration of the one at which judgment is finally rendered. But, taking it for granted that the defendant is too late in availing himself of this objection, as issue has been joined on the errors assigned, it is necessary to consider of those errors. The one which states that the bail bond was not assigned by the sheriff would seem to be formidable; but it appears that the act of 1777, ch. 118, which speaks of process returnable to the county courts, does not require an assignment to be made by the sheriff. That assignment as error may, on that account, be got clear of. I also concur in opinion with my brethren that the other errors assigned are not sufficient to reverse the judgment of the county court.
By the Court, Affirmed.
Cited: Gray v. Hoover, 15 N.C. 477; Cochran v. Wood, 29 N.C. 216;Trice v. Turrentine, 32 N.C. 551. *Page 46